UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RACHEL LEANN CORSER,

    Petitioner,                        Civil No. 2:20-CV-13267

v.                                      HON. DENISE PAGE HOOD

JEREMY HOWARD,

    Respondent.
_____/

**OPINION AND ORDER DENYING THE PETITION FOR A WRIT OF HABEAS CORPUS, DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY, AND GRANTING PETITIONER LEAVE TO APPEAL *IN FORMA PAUPERIS***

Petitioner Rachel Leann Corser is on parole supervision through the Washtenaw County Parole Office in Ypsilanti, Michigan.[1] She filed a *pro se* petition for habeas corpus, pursuant to 28 U.S.C. § 2254. Petitioner challenges her conviction for first-degree home invasion, Mich. Comp. Laws § 750.110a(2) and interfering with electronic communication, Mich. Comp. Laws § 750.540(1). For the reasons that follow, the petition for a writ of habeas corpus is DENIED WITH PREJUDICE.

**I. BACKGROUND**

Petitioner was convicted following a jury trial in the Washtenaw County Circuit Court, in which she was tried jointly with her co-defendant and mother, Billie Joyce Montange. The case involves a break-in at the home of Derek Corser by his

---

[1] The Court obtained this information from the Michigan Department of Corrections' Offender Tracking Information System (OTIS), which this Court is permitted to take judicial notice of. *See Ward v. Wolfenbarger,* 323 F. Supp. 2d 818, 821, n. 3 (E.D. Mich. 2004).

1

sister, petitioner, and their mother, Billie Joyce Montange, following a fight between Derek and his girlfriend. Derek left to sleep elsewhere and his girlfriend remained in the house. Petitioner and her mother broke in through a bedroom window intending to "wipe or smack or—the smirk off [the victim's] face. *People v. Corser*, No. 343635, 2019 WL 5488504, *lv. den.*, 505 Mich. 1041, 941 N.W.2d 633 (2020) *1. Petitioner grabbed the victim's phone from her hand while the victim was dialing 911. The victim repeatedly asked petitioner to return her phone and said that she would "be more than happy to leave." *Id.* Petitioner grabbed a serrated knife from the kitchen sink and was "waiving" it at the victim before she "pointed" it at her. *Id.* At the same time, Montange was "frantically ... going through the house and ... grabbing [the victim's] things and, like, throwing them around as all this is going on." *Id.* The victim exited the house and ran to a nearby gas station to call 911. There, she could see petitioner and Montange drive away from the home. When she returned, she found her phone smashed outside of the house.

Petitioner seeks a writ of habeas corpus on the following grounds: (1) trial counsel was ineffective, and (2) her sentencing guidelines were incorrectly scored.

## II. STANDARD OF REVIEW

28 U.S.C. § 2254(d), as amended by The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), imposes the following standard of review for habeas cases:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted

with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–

>  (1)   resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
>  (2)   resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A state court's decision is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000).  An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409.  A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 410-11.

## III. DISCUSSION

**A. Claim # 1. The ineffective assistance of trial counsel claim.**

Petitioner alleges she was denied the effective assistance of counsel.

To prevail on her ineffective assistance of counsel claims, petitioner must show that the state court's conclusion regarding these claims was contrary to, or an unreasonable application of, *Strickland v. Washington*, 466 U.S. 668 (1984).

3

*See Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009). *Strickland* established a two-prong test for claims of ineffective assistance of counsel: the petitioner must show (1) that counsel's performance was deficient, and (2) that the deficient performance prejudiced the defense. *Strickland,* 466 U.S. at 687.

Petitioner claims that trial counsel was ineffective for giving her bad advice during plea bargaining, which caused her to reject a favorable plea bargain.

The Michigan Court of Appeals, rejected the claim finding that petitioner failed to show that she would have accepted any plea offer, in light of her continued protestations of innocence at sentencing and rejection of numerous plea offers. *People v. Corser*, 2019 WL 5488504, at *3. At sentencing, Corser stated that she "'had no intentions on harming [the victim],' she did not 'have a mean bone in her body,' and that she does not assault people. Corser reiterated that she 'didn't know that [she] was doing anything wrong.'" *Id.* The Michigan Court of Appeals found that "Corser did not take responsibility for her actions at sentencing, even after a guilty verdict; it is not apparent from the record that she would have accepted responsibility for her actions via a plea deal." *Id.*

The Sixth Amendment right to counsel extends to the plea bargaining process. *Lafler v. Cooper,* 566 U.S. 156, 163 (2012). Thus, a criminal defendant during plea negotiations is "entitled to the effective assistance of competent counsel." *Id.* at 162 (quoting *McMann v. Richardson*, 397 U.S. 759, 771 (1970)).

In the context of an ineffective assistance of counsel claim involving a defendant having rejected a plea offer from the prosecution, in order to establish

4

that he or she was prejudiced by counsel's alleged deficiency, the defendant must show that but for the ineffective advice of counsel there is a reasonable probability that defendant would have accepted the plea. *Lafler v. Cooper*, 566 U.S. at 164. In addition, a court, in determining the remedy for ineffective assistance of counsel relating to defendant's rejection of a plea offer, may take account of a defendant's earlier expressed willingness, or unwillingness, to accept responsibility for his or her action. *Id.* at 171.

The Supreme Court has indicated that "[a]lthough a defendant's proclamation of innocence does not relieve counsel of his normal responsibilities under *Strickland*, it may affect the advice counsel gives[,]" with respect to the plea bargaining process. *Burt v. Titlow*, 571 U.S. 12, 22 (2013). Because there is no indication that petitioner would have been willing to make out a factual basis of guilt, petitioner failed to show that the plea would have been accepted and thus failed to show that she was prejudiced by counsel's alleged deficiencies with respect to the alleged plea offers, so as to establish that she was denied the effective assistance of counsel. *See e.g. Jackson v. United States*, 101 F. App'x 583, 586 (6th Cir. 2004). Petitioner's continued assertions of innocence at her sentencing, after having been convicted, further supports the Michigan Court of Appeals' determination that petitioner failed to show that she would have pleaded guilty, so as to establish that she was prejudiced by counsel's alleged deficiencies in failing to adequately explain the plea offers. *See United States v. Willoughby*, 144 F. Supp. 3d 935, 940 (N.D. Ohio 2015).

5

Petitioner next alleges that trial counsel was ineffective for advising her not to testify because he feared she would be impeached with her prior criminal record if she testified.

The Michigan Court of Appeals rejected the claim finding that petitioner's proposed testimony would be that she was never in the house, yet was in the house with permission, and that she never assaulted the victim. The Michigan Court of Appeals found the proposed testimony contradictory and also found that it contradicted defense counsel's closing argument, where he acknowledges that Corser admitted to Derek that she went to the house and opened the window to scare the victim.  The Michigan Court of Appeals found that it was reasonably sound trial strategy to advise petitioner not to testify. "[I]t is reasonable to assume that defense counsel advised Corser not to testify because her proffered testimony was contradictory to itself and to the evidence presented, and it would make her less credible to the jury." *People v. Corser*, 2019 WL 5488504, at *3 (internal citation omitted).  Counsel's failure to put petitioner on the witness stand did not deprive her of the effective assistance of counsel, where petitioner's proposed testimony would have been inconsistent with the defense theory advanced by trial counsel. *See Medley v. Runnels*, 506 F.3d 857, 861 (9th Cir. 2007).

When a tactical decision is made by an attorney that a defendant should not testify, the defendant's assent is presumed. *Gonzales v. Elo*, 233 F.3d 348, 357 (6th Cir. 2000).  A federal court sitting in habeas review of a state court conviction should have "a strong presumption that trial counsel adhered to the requirements

6

of professional conduct and left the final decision about whether to testify with the client." *Hodge v. Haeberlin*, 579 F.3d 627, 639 (6th Cir. 2009). To overcome this presumption, a habeas petitioner must present record evidence that he or she somehow alerted the trial court to his or her desire to testify. *Id.* The record is void of any indication by petitioner that she disagreed with counsel's advice that she should not testify; she has not overcome the presumption that she willingly agreed to counsel's advice not to testify or that her counsel was ineffective. *Gonzales,* 233 F.3d at 357.

Moreover, in light of the fact that petitioner could have been impeached with her prior criminal record, counsel was not deficient in failing to call her to testify. *See e.g. United States v. Holycross*, 333 F. App'x 81, 85 (6th Cir. 2009).

Petitioner finally alleges that trial counsel was ineffective for not objecting to her brother's testimony that he had a history of domestic violence against the victim.

Trial counsel objected twice to this testimony on relevancy grounds and was twice overruled. (ECF No. 12-11, PageID.473-76). Petitioner's ineffective assistance of counsel claim is without merit. *See e.g. Durr v. Mitchell,* 487 F.3d 423, 440 (6th Cir. 2007).

**B. Claim # 2. The sentencing guidelines claim.**

Petitioner claims that the Michigan Sentencing Guidelines was incorrectly scored.

7

Petitioner's claim that the state trial court incorrectly scored or calculated her sentencing guidelines range under the Michigan Sentencing Guidelines is non-cognizable on federal habeas review, because it is basically a state law claim. *See Tironi v. Birkett*, 252 F. App'x 724, 725 (6th Cir. 2007). Errors in the application of state sentencing guidelines cannot independently support habeas relief. *See Kissner v. Palmer*, 826 F.3d 898, 904 (6th Cir. 2016).

## IV. CONCLUSION

Petitioner is not entitled to federal habeas relief.

In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). When a district court rejects a habeas petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong. *Id.* at 484.

Petitioner is denied a certificate of appealability; reasonable jurists would not find this Court's assessment of the claims to be debatable or wrong. *See Slack*, at 484. However, although jurists of reason would not debate this Court's resolution of petitioner's claims, the issues are not frivolous; Therefore, an appeal could be

8

taken in good faith.  Petitioner may proceed *in forma pauperis* on appeal. *See Foster v. Ludwick,* 208 F. Supp. 2d 750, 765 (E.D. Mich. 2002).

Accordingly, IT IS ORDERED that:

(1) the petition for a writ of habeas corpus is **DENIED WITH PREJUDICE**.
(2) A certificate of appealability is **DENIED**.

(3) Petitioner will be granted leave to appeal *in forma pauperis.*

**SO ORDERED**.

                                             s/Denise Page Hood
                                             Denise Page Hood
Dated:  November 20, 2023      United States District Judge